IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRINCE R. ELLIS, MICKEY M. ELLIS, | : | |
| and VERONA E.T. ELLIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-2450 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| et. al. | : | |

### MEMORANDUM

**Judge Juan R. Sánchez**                                                     **March 22, 2024**

There are eight motions brought by varying groups of defendants to dismiss the pro se Second Amended Complaints of Plaintiffs Prince R. Ellis, Mickey M. Ellis, and Verona E.T. Ellis. Because this Court lacks jurisdiction, Plaintiffs have again failed to plead viable causes of action against any of the defendants,  and have failed to comply with the Court's prior directives to obtain representation for Mickey Ellis, the defendants' motions shall be granted and this action shall be dismissed with prejudice in its entirety.

**FACTUAL BACKGROUND**

On June 23, 2023, Prince, Mickey, and Verona Ellis filed an 84-page pro se complaint against some 340 defendants.  The defendants included individuals, agencies, courts, governmental entities, hospitals, health care providers and health care agencies, labor unions and corporations. Plaintiffs sought to hold these various defendants liable for everything from the allegedly poor medical care and education they received, to the  harmful working conditions and adverse experiences with the legal system, which they suffered over various lifetimes.  ECF No. 1.  Mickey Ellis is the husband of Verona Ellis and the father of Prince Ellis.  The complaint's allegations are difficult to understand.  But as far as this Court can discern, most of the allegations concerned

1

Mickey Ellis' working conditions and history, and the care provided to him by numerous individuals, hospitals, and nursing facilities over an unspecified number of years, and particularly the care he received after a non-family member was appointed as his guardian.

On September 7, 2023, before any answer was filed, Plaintiffs filed an amended complaint (ECF No. 16) in which they reduced the number of defendants significantly.[1]  The amended complaint was somewhat clearer, but still confusing.  The remaining defendants filed eight motions to dismiss the amended complaint.  Of those, three were granted with leave to re-plead,[2] one was granted with prejudice,[3] and the remaining four were dismissed as moot because Plaintiffs filed a second amended complaint.  *See* ECF No. 57.  As stated in the Orders granting the motions to dismiss with leave to re-plead, the amended complaint failed to comply with the requirements of Federal Rule of Civil Procedure 8 (a short and plain statement of the basis for the court's jurisdiction, a short and plain statement of the claim showing entitlement to relief, and a demand for the relief sought), and of *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (requiring a complaint to contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").  ECF Nos. 33, 34, 39.  Additionally, the amended complaint asserted

---

[1]     Under the amended complaint, the following defendants remained: Pennsylvania Department of Health, Pennsylvania Department of Human Services, Bruce Atwine, the custodial court-appointed guardian for Mickey Ellis, BA Senior Services, LLC, Philadelphia Corporation for Aging, Inc., Center for Advocacy for the Rights and Interests of the Elderly, Senior Law Center, Saber Healthcare Group LLC, Broomall Healthcare Group, d/b/a Broomall Manor Skilled Nursing Center, Chestnut Nursing and Rehabilitation Center, LLC, Springfield Rehabilitation, Premier Healthcare Management, Resthaven Center, Inc. (Chestnut Hill), Chestnut Hill Lodge Rehabilitation and Skilled Nursing Facility, Presbyterian Medical Center of the University of Pennsylvania Health System, and Penn Medicine Neurology PMUC.

[2]     *See* ECF Nos. 33, 34, 39.

[3]     The motion filed by the defendants affiliated with the Commonwealth of Pennsylvania was granted with prejudice because the Commonwealth never waived its immunity under the Eleventh Amendment. ECF No. 40.

jurisdiction existed under 42 U.S.C. § 1983, but there were no facts pled to suggest the moving defendants were state actors.  It was further noted that each plaintiff could represent only him or herself.  Because the majority of the amended complaint's claims pertained to the various alleged harms suffered by Mickey Ellis, he needed to represent himself or obtain a licensed attorney to represent him – neither his wife nor his son could act as his counsel.  The Court gave Plaintiffs the opportunity to file a second and final amended complaint correcting these deficiencies.  *Id*.

In response to these orders, Plaintiffs filed a series of documents titled as second amended complaints against Saber Healthcare Group LLC, Broomall Healthcare Group, Inc., d/b/a Broomall Manor (ECF No. 51), Senior Law Center (ECF Nos. 53, 78), Chestnut Hill Lodge and Premier Healthcare Management LLC (ECF No. 54), Springfield Rehabilitation and Health Center (ECF No. 79), the Center for Advocacy for the Rights and Interests of the Elderly (ECF No. 77), and Presbyterian Medical Center of the University of Pennsylvania Health System and Penn Medicine Neurology (ECF No. 76).  These defendants and others[4] again move to dismiss this action.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) articulates three requirements to plead a claim for relief in the federal courts:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[4]   Given the incoherent nature of the pleadings, a number of former parties have also filed motions to dismiss.  *See, e.g.*, ECF Nos. 58, 62, 64, 81.  This confusion may be due, at least in part, to the docketing by the Clerk of Court of the Second Amended Complaint against Saber Healthcare Group LLC and Broomall Healthcare Group d/b/a Broomall Manor (ECF No. 51) as "Against All Defendants."

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In reviewing the complaint, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *Pearson v. Sec'y. Dep't. of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**DISCUSSION**

Because the Plaintiffs are pro se litigants, their pleadings are held to less stringent standards than those prepared by counsel and are liberally construed. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This leniency means courts apply the relevant legal principles even when a complaint fails to name them. *Id.* Still, pro se litigants "cannot flout procedural rules" and "still must allege sufficient facts in their complaints to support a claim." *Id.* (internal citation omitted).

So far as the Court can tell, the allegations in the Second Amended Complaints are intended to make out causes of action under 42 U.S.C. § 1983 and Pennsylvania state law for negligence/medical malpractice resulting from a failure to provide Mickey Ellis with appropriate medical care by the various nursing and care facilities where he presumably resided.

First, because all parties in this action are Pennsylvania citizens, this court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332 and it must have federal question jurisdiction pursuant to the Constitution, laws, or treaties of the United States to proceed.  28 U.S.C. § 1331. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).[5] Additionally, a defendant in a civil rights action must have been personally involved in the wrongs alleged.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F. 3d 210, 222 (3d Cir. 2015).

The Second Amended Complaints fail to plead any facts showing any of the defendants are state actors, were acting under color of state law, or that the claims derive from the Constitution or any other law or treaty of the United States.  This Court thus lacks jurisdiction over this case and the Second Amended Complaints must be dismissed.  *See e.g., Kach v. Hose*, 589 F.3d 626,

---

[5]    §1983 provides in relevant part:

> Every person who, under color of any statute, statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . .

646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor").

Additionally, the Second Amended Complaints once again fail to meet the basic requirements of Rule 8 and the minimal pleading standard established by *Twombly* and *Iqbal*. Plaintiffs' allegations offer nothing more than naked assertions without factual support and mere labels and conclusions. No new details are pled, such as when or where the alleged nursing failures or malpractice occurred, what care or assistance was needed but not provided, or what harm resulted to Mickey Ellis. Without such averments, the Second Amended Complaints fail to plead any plausible cause of action against the defendants. The Second Amended Complaints will therefore also be dismissed pursuant to Rule 12(b)(6) for failure to state claims on which relief may be granted.

Finally, because the claims at issue appear to belong to Mickey Ellis, it was incumbent upon Prince and Verona Ellis to obtain a licensed Pennsylvania attorney to represent Mickey, as they cannot. *See* 28 U.S.C. § 1654; *see also Murray v. City of Phila.*, 901 F.3d 169, 170-71 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court"). The Plaintiffs were advised of this requirement in the Court's prior orders, ECF Nos. 33, 34, 39, but have nevertheless not complied with this Court's directive. For this reason, as well, the motions to dismiss shall be granted and this action shall be dismissed in its entirety with prejudice.

**CONCLUSION**

Because the Plaintiffs have failed to plead viable claims despite being given ample opportunities and having made multiple attempts to do so, have failed to demonstrate the Court

has subject matter jurisdiction, and have not retained a licensed attorney to represent Mickey Ellis,

this action shall now be dismissed in its entirety with prejudice.

     An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez

_____

Juan R. Sánchez,      J.